(164 App. Div. 650)

### SEELY v. SEELY. (No. 246–63.)

(Supreme Court, Appellate Division, Third Department. November 25, 1914.)

1. LIMITATION OF ACTIONS (§ 100*)—TRUSTS (§ 354*)—DISCOVERY OF FRAUD— DEEDS—RECORD—EFFECT—FOLLOWING TRUST PROPERTY.

Under the recording act, a recorded deed is not constructive notice to an owner in possession, who does not claim title through any party to the deed; and hence, where plaintiff purchased land and intrusted the taking of the deed to his brother, defendant's husband, and the latter fraudulently took the deed in the name of defendant, and caused it to be re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

corded, and told plaintiff that the deed was kept in a safe, and defendant, after the death of the husband, conveyed the land to a bona fide purchaser, plaintiff was entitled to maintain a suit to impress a trust on the proceeds in the hands of defendant.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. § 100;* Trusts, Cent. Dig. §§ 527, 528; Dec. Dig. § 354.*]

2. LIMITATION OF ACTIONS (§ 177*)—PLEADING AS DEFENSE—ANSWER.

The plaintiff, in an equitable action to impress a trust, was not required to anticipate the plea of the statute of limitations, or to state facts or circumstances which might avoid the effect of such plea, as the statute must be raised by answer.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 663–666; Dec. Dig. § 177.*]

3. PLEADING (§ 166*)—MATTERS DEEMED CONTROVERTED.

Affirmative matters alleged in the answer, not as a counterclaim, are deemed controverted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 321½–328; Dec. Dig. § 166.*]

4. PLEADING (§ 350*)—MOTION FOR JUDGMENT ON PLEADINGS—EFFECT.

On defendant's motion for a judgment on the pleadings, the facts stated in the complaint are deemed to be true, and affirmative defenses set up in the answer, otherwise than as a counterclaim, cannot aid him.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

5. TRUSTS (§ 359*)—NATURE OF SUIT TO IMPRESS TRUST.

Plaintiff purchased land and intrusted the taking of the deed to his brother, defendant's husband, and the brother fraudulently took the deed in the name of defendant, who fraudulently colluded with her husband in the matter, and the husband told plaintiff that he was keeping the deed for plaintiff in a safe. After the death of her husband, defendant conveyed the land to a bona fide purchaser. *Held*, that a suit by plaintiff to impress a trust on the proceeds of the sale by defendant was equitable in its nature, though the complaint also demanded a money judgment.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 554, 565, 566; Dec. Dig. § 359.*]

6. LIMITATION OF ACTIONS (§ 100*)—ACTION BASED ON TORT.

An equitable action seeking a money judgment, not as damages, but as a substitute for land upon which plaintiff might have impressed a trust, had not defendant sold it to a bona fide purchaser, was within Code Civ. Proc. § 382, subd. 5, as an action to procure a judgment for money on the ground of fraud, and the statute did not begin to run until plaintiff's discovery of the facts constituting the fraud.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. § 100.*]

Woodward, J., dissenting.

Appeal from Trial Term, Tioga County.

Action by Obed A. Seely against Mary E. Seely. From a judgment dismissing his complaint on the merits, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Arthur G. Adams, of Ithaca, for appellant.
David M. Dean, of Ithaca, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

JOHN M. KELLOGG, J. [1] The complaint shows that in March, 1888, the plaintiff conveyed his Newfield farm to his father upon a secret trust, the title to be conveyed to the plaintiff upon request, and that the father, in August, 1888, conveyed the farm, without the plaintiff's knowledge, to his son S. Alfred and his brother, upon condition that they would observe the trust; they having knowledge of all the facts, and the plaintiff being in possession of the farm. In March, 1900, the plaintiff arranged to trade the farm for the Tioga county farm, and his brothers agreed to convey it to the owner of the Tioga farm, and the latter was to convey that farm to the plaintiff. Said S. Alfred Seely looked after the business in causing the deeds to be made, and represented to the plaintiff that the deed had been made to him and that he was retaining it in his safe for plaintiff. This statement was false, as the deed was made to the wife of S. Alfred, who was acting in collusion with her husband and knew all the facts, and received it either to defraud the plaintiff or charged with carrying out the trust. Relying upon the fact that the deed was in his name, the plaintiff agreed with S. Alfred that he might cut from the farm the growing timber thereon if he would build a new barn upon the premises, fix the fences, and repair the place, which he was doing at the time of his death, and the work was continued by the defendant, his widow, thereafter. The defendant recently sold the farm to a purchaser in good faith, when she ascertained that the plaintiff was about to bring an action to impress a trust thereon, and by her fraudulent acts plaintiff has been damaged $4,000. These allegations being admitted, the plaintiff is entitled to some relief.

The facts show that as against the defendant the plaintiff was the equitable owner of the farm, to her knowledge, and that she recently conveyed the farm to a purchaser in good faith for the purpose of depriving him of his rights therein. The fact that the deeds were recorded gave them no additional force as against the plaintiff. A recorded deed, under the recording act, is constructive notice to subsequent purchasers and incumbrancers. It is no notice to the owner in possession, who does not claim title through any party to the deed. There is nothing in the complaint to indicate that the plaintiff had knowledge that the deed was not in his name as agreed until the defendant sold the farm.

[2] The statute of limitations must be raised by answer. In the complaint the plaintiff need not anticipate the plea of the statute, and need not state facts or circumstances which may avoid the effect of the plea, if made.

[3, 4] Affirmative matters alleged in the answer, not as a counterclaim, are deemed controverted. Upon an application by defendant for judgment upon the pleadings, the facts stated in the complaint are deemed to be true, and affirmative defenses set up in the answer, otherwise than as a counterclaim, cannot aid him.

[5, 6] In any event, taken in its most favorable aspect to the pleader, the inference is present that the plaintiff had no knowledge that the deed stood in the name of the defendant until she was about to sell the farm. The complaint shows facts tending to show that the plaintiff could have impressed a trust upon the farm in the hands of

the defendant, but that by her recent action in selling it to a purchaser in good faith he is precluded from resorting to the land but seeks to follow its proceeds. The action is equitable in its nature, and the mere fact that the complaint demands a money judgment under the circumstances does not change the nature of the cause of action. Murtha v. Curley, 90 N. Y. 372, is direct authority upon this question. As was said in Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255, under quite similar circumstances, the plaintiff is asking the money compensation, "not as damages, but as a substitute for the land itself." The case, therefore, falls within subdivision 5 of section 382 of the Code of Civil Procedure, and the statute of limitations does not begin to run until the discovery by the plaintiff of the facts constituting the fraud. Lightfoot v. Davis, 198 N. Y. 261, 91 N. E. 582, 29 L. R. A. (N. S.) 119, 139 Am. St. Rep. 817, 19 Ann. Cas. 747.

We are not considering the probability of the plaintiff's recovery. We only hold that in the manner in which the case was presented to the court, the allegations of the complaint being admitted, the plaintiff is entitled to relief.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except

WOODWARD, J. (dissenting). This is an action to collect damages alleged to have been sustained by the plaintiff through an alleged fraudulent disposition of real estate on the part of the defendant, which real estate the plaintiff claimed to own in equity. The action in form is entirely legal. The demand for relief is for a judgment for $4,000 damages, which are alleged to have been the value of the real estate in question, which has been sold to a third person, who was ignorant of the alleged equities of the plaintiff. Upon a motion by the defendant for a judgment upon the pleadings the learned trial court granted the motion, and the plaintiff appeals from the judgment.

The complaint alleges that the plaintiff, in 1871, purchased the premises in question, and that in 1888, in company with his wife, he transferred the property to the plaintiff's father, upon the promise of the father to reconvey the premises to the plaintiff upon demand; that subsequently the plaintiff's brother, S. Alfred Seely, induced the plaintiff's father to convey the premises to the said S. Alfred Seely and Seymour Seely upon the consideration that the two latter would reconvey the premises to the plaintiff when his financial affairs should be straightened out, and that the deed of the father was duly recorded in the year 1888; that thereafter the said Seymour Seely and wife quitclaimed the undivided one-half of said premises to the said S. Alfred Seely, and that such deed was duly recorded; that the plaintiff, who continued to occupy and work the farm, negotiated an exchange of the premises for a farm in Tioga county, and that on the 13th day of March, 1890, the trade was consummated; that at this time the plaintiff learned of the transfer of the legal title to S. Alfred Seely, and that an arrangement was entered into by which the said S. Alfred Seely agreed to give a deed of the premises to the owner of the farm in Tioga county, and to have a deed of the Tioga county farm made

out to the plaintiff, and that the said S. Alfred Seely subsequently reported to the plaintiff that such a deed had been made and delivered, but that the said S. Alfred Seely was holding the same in his safe for the plaintiff, and that at last he had completed his contract with plaintiff's father to restore the property. The plaintiff then alleges that this statement was false and untrue, to the knowledge of the said S. Alfred Seely, and that, on the contrary, the deed to the Tioga county farm was taken in the name af S. Alfred Seely's wife, the defendant in this action, and that the plaintiff paid the consideration for said deed by the transference of his equitable interest in the original premises, the defendant paying no consideration. The plaintiff further alleges that, relying upon the statements of his brother, S. Alfred Seely, that the deed stood in the plaintiff's name, he entered into a verbal contract by the terms of which S. Alfred Seely was to construct a barn and make other repairs in the premises in Tioga county in consideration of being permitted to take the timber from the Tioga farm, and that the said S. Alfred Seely took such timber during his lifetime, and that the widow, as executrix, continued to cut and remove the same after the death of the said S. Alfred Seely, and that these transactions all took place to the knowledge of the defendant, and that she took the title to said premises for the purpose of defrauding the plaintiff. Further, it is alleged that the defendant, on learning of the plaintiff's intention of bringing an action to impress a lien upon the premises, sold the same to an innocent purchaser, and the plaintiff brings the present action to recover the damages alleged to have been sustained by reason of this transaction.

The answer denies the most of the material matters alleged in the complaint, and by way of affirmative defenses sets up various statutes of limitation, the effect of which the plaintiff seeks to avoid upon the theory that the statutes did not commence to run until his discovery of the alleged frauds some two years previous to the starting of the action. We are clearly of the opinion that the facts set forth by the complaint, if fully established, would not help the plaintiff to a recovery. The plaintiff admits that he discovered the first alleged breach of trust on the part of his father as early as 1890, and the complaint shows that the deed by which this alleged breach of trust was consummated was recorded on the 25th day of August, 1888, only about two months after the alleged creation of the trust. Here was notice to the plaintiff that the legal title was no longer in the hands of his father, and that it was vested in the two brothers, without any record of the alleged trust. Subsequently one of the brothers quitclaimed to S. Alfred Seely, and this deed was duly recorded, so that there was more notice. Then the plaintiff claims to have negotiated a sale of the premises in 1890, and to have had an understanding with his brother, S. Alfred, Seely, that the deed was to be taken in his name. He is presumed to know the law, and the deed, to have afforded him protection in his title, should have been recorded. Instead of looking to his interests, and seeing to it that the deed was taken in his name and duly recorded, he asks a court of law, 23 years after the transaction, to hold that he was excused from knowing of the fraud at that time, and to be entitled to assert his rights two years after his alleged discovery of the

fraud. Certainly, if there was a breach of trust in the conveyance from the father to two of his sons, the fraud upon this plaintiff was complete and actionable at that time. The plaintiff then knew that his rights had been invaded and that his brothers were the beneficiaries. They occupied no fiduciary relation toward him. They were the legal owners of the estate, and they were dealing with him in open hostility, for they had, by recording the conveyances, given notice to the world of their claim to title. With these conditions made matter of record, the plaintiff claims to have been deceived by his brother's alleged statement that he was holding the deed for him; and, without taking any steps whatever to ascertain the truth of the statement, the plaintiff has permitted the title to the Tioga county farm to remain in the defendant for nearly a quarter of a century, and now asks to recover in an action at law for his alleged damages. We think there can be no fair question that the action is barred by the statute of limitations, and that the complaint was properly dismissed upon the pleadings.

The judgment appealed from should be affirmed, with costs.