[Civ. No. 7202. First Appellate District, Division Two.—June 11, 1930.]

JOHN V. SOUZA, Appellant, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Respondents.

B. M. Jackson, R. M. Estcourt and William Sea, Jr., for Appellant.

William M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Respondent Railway Company.

J. Hampton Hoge for Respondent Underwriters' Fire Patrol.

STURTEVANT, J.—The plaintiff was a passenger on one of the cars operated by the Market Street Railway Company. A collision occurred between Engine No. 14 of the regular fire department of San Francisco and Fire Patrol No. 2, operated by Underwriters' Fire Patrol of San Francisco, in such a manner that Engine No. 14 was thrown against the street-car and the plaintiff was injured. He commenced this action and made the Market Street Railway Company one of the defendants and he also made the Underwriters' Fire Patrol of San Francisco another defendant. The trial court granted a motion for a nonsuit in favor of the Market Street Railway Company and it granted a motion for judgment on the pleadings in favor of the Underwriters' Fire Patrol of San Francisco. The plaintiff appealed. We will take up the appeal as to the defendant the Market Street Railway Company first and the appeal as to the Underwriters' Fire Patrol of San Francisco will be considered later.

The plaintiff contends that the trial court erred in granting the defendant's motion for a nonsuit. That company replies that the record does not present the question. It shows that the motion was made on February 25, 1929, and that on that date the court made a minute order granting the motion and that the minute order was at that time entered by the clerk. It shows also that a judgment was "Recorded Feb. 26, 1929, 1:30 o'clock P. M. Vol. 294 page 396" and "Judgment entered 3/21/29." It is headed "Minute Order In Open Court, Monday, Feb. 25th, 1929." But, in form, it is the ordinary judgment for costs and recites *verbatim* the minute order first mentioned. Continuing, it shows that the plaintiff appealed from that formal judgment, whereas it should have appealed from the minute order. There is a great deal that can be said in favor of this contention. (*Brown* v. *Sterling Furniture Co.*, 175 Cal. 563, 564 [166 Pac. 322]; *Carton* v. *Superior Court*, 76 Cal. App. 434, 436 [244 Pac. 932]; *Henry* v. *Lingsweiler*, 81 Cal. App. 142, 144 [253 Pac. 357]; *Burks* v. *Bronson*, 58 Cal. App. 143, 144 [207 Pac. 1018].) However, as we understand the record, we think it is unnecessary to pass on the point. ■ Taking the evidence most favorable to the plaintiff there was evidence supporting the following facts: On the fifteenth day of May, 1926, plaintiff and his family were seated on the left-hand side in the front portion of a McAllister Street car traveling from east to west on McAllister Street. When the car was in the neighborhood of Buchanan Street fire-engines sounded their sirens. The street-car stopped and presently Engine No. 14, while traveling east on McAllister, collided with Fire Patrol No. 2 and Engine No. 14 scraped the side of the street-car, thus causing the injury. The plaintiff's wife testified, "the street-car had stopped and left off passengers, and then it started, and when the motorman, I guess noticed the fire truck was coming he stopped and I was knocked on the side of my arm." The witness, continuing, stated that the front gate of the street-car at said time and place was a short distance from the sidewalk curb out in Buchanan Street—it was the distance out there equal to the distance between the witness in the witness chair and the desk where the trial judge was sitting. The plaintiff cites this testimony and claims that the street-car was negligent because it did not go clear

across Buchanan Street and then stop. (California Vehicle Act, sec. 133.) In different sections the statute uses the verbs "enter" (sec. 131b), "approach" (sec. 133), "cross" (sec. 123) and "traverse" (sec. 113, subd. b1). So far as the matter has been called to our attention, each of those words has been used with due care as to its accepted meaning. There is a clear distinction as to the meaning of each one of those words. Looking at the above evidence, it is clear that there was some evidence that at the time the street car stopped it had "entered" Buchanan Street, but there was no evidence that it was "crossing" when the siren sounded. In stopping where it stopped the car acted in accordance with the mandate of the statute—to clear the intersection. That is the purpose of the statute as addressed to such a set of circumstances. If the car had attempted to make the opposite corner it would have placed itself as an immediate obstruction in the intersection in the path of the fire vehicle, which was traveling north on Buchanan Street, and would have done the very thing the statute was enacted to prevent. There is not a particle of claim that in any other regard the motorman was negligent. The trial court did not err in granting the motion for a nonsuit.

█ Before proceeding to discuss the judgment on the pleadings in favor of the Underwriters it is necessary to note the condition of the pleadings at the time the motion for judgment on the pleadings was made. The complaint contained ordinary allegations regarding the agency being operated by each defendant at the time and place of the accident. It then alleged general negligence as against both defendants. Continuing, it alleged the injuries sustained by the plaintiff. The Underwriters filed an amended answer in which it denied nearly every single allegation contained in plaintiff's complaint. Continuing, it pleaded affirmatively the contributory negligence of the plaintiff. Continuing further, it pleaded with meticulous care that it is a duly created benevolent corporation operated without profit and maintained by compulsory assessments upon its members; that it is formed and maintained for the purpose of discovering and preventing fire, or saving, at its own cost, property and human lives from conflagration and without any compensation therefor. Continuing, it pleaded some

additional allegations to the effect that at the time and place of the accident it was exercising a governmental function. None of the affirmative allegations contained in the answer were denied by the plaintiff, but by operation of the statute they were all deemed denied. (Code Civ. Proc., sec. 462.) Under these circumstances when the motion was made it is patent that no particular set of facts could be said to be admitted or uncontroverted. In 49 C. J. 668, the rule is stated as follows: ''Like a demurrer, the motion admits the truth of all well-pleaded facts in the pleadings of the opposing party, together with all fair inferences to be drawn therefrom. The party moving for judgment on the pleadings also admits the untruth of his own allegations in so far as they have been controverted.'' The foregoing rule is applicable where allegations are deemed controverted by statute. (*Chemung Min. Co.* v. *Hanley,* 9 Idaho, 786 [77 Pac. 226, 228]; *Seely* v. *Seely,* 164 App. Div. 650 [150 N. Y. Supp. 66, 68].) To the same effect are *McGowan* v. *Ford,* 107 Cal. 177 [40 Pac 231], and *Cuneo* v. *Lawson,* 203 Cal. 190, 193 [263 Pac. 530].

The judgment in favor of the Market Street Railway Company is affirmed and the judgment in favor of the Underwriters' Fire Patrol of San Francisco is reversed and the plaintiff will recover one-half of his costs on appeal as against the last-named corporation.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 11, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 7, 1930.