[Civ. No. 1396. Fourth Appellate District.—May 27, 1936.]

BRADLEY COMPANY (a Corporation), Appellant, v. E. E. RIDGEWAY, City Treasurer, etc., et al., Respondents.

J. A. Chase and Herbert Chamberlin for Appellant.

Mathew Weber and Kirkbride & Wilson for Respondents.

JENNINGS, J.—The plaintiff, an owner of real property in the city of Porterville, instituted this action against defendants for declaratory relief with respect to certain street improvement bonds representing assessments levied against its property to cover the proportionate cost of paving certain streets in the above-mentioned city and to quiet its title to the property against the claims of defendants thereto. The defendant, Guy Knupp, interposed a demurrer to the amended complaint which was sustained as to the first and second causes of action alleged in the complaint and overruled as to the third cause of action. This defendant thereupon filed his answer to the third cause of action. The defendant, E. E. Ridgeway, likewise interposed a demurrer to plaintiff's complaint which was sustained without leave to amend and the action was dismissed as to him. The defendants Federal Construction Company and Hanrahan Company filed answers to plaintiff's original complaint which counsel stipulated should be considered as answers to the amended complaint. At the time appointed for trial of the action the plaintiff produced a witness who was duly sworn and to whom certain preliminary interrogatories were propounded. When the trial had pro-

ceeded to this point, the witness was asked whether or not he had protested against the issuance of the bonds. The defendants Federal Construction Company and Hanrahan Company thereupon objected to the introduction of any evidence relating to the first and third causes of action set out in the amended complaint on the ground that the allegations of each of them failed to constitute a cause of action against said defendants. This objection was sustained and the trial court made findings of fact from which it drew the legal conclusion that plaintiff was not entitled to recover from any of the answering defendants or from the defendant Ridgeway. Judgment was thereupon rendered in favor of the defendants in the action from which judgment plaintiff has perfected this appeal.

Appellant's first contention herein is that the objection which was successfully urged to the introduction of any evidence on the ground that the allegations of the first and third counts of the amended complaint failed to allege any cause of action against defendants amounted, in effect, to a motion for a judgment on the pleadings and that it is settled that on such a motion the trial court is restricted to an examination of the material allegations of the complaint which are deemed to be true without reference to the allegations of the answer filed by the moving party which allegations, for the purpose of the motion, are deemed to be untrue. It is next urged that findings of fact are neither necessary nor proper on the sustaining of such a motion. It is pointed out that the findings which the trial court here made show that the court did not restrict its examination to the well pleaded material facts alleged in the complaint deeming the allegations of the answers of the moving defendants to be untrue but that, on the contrary, the court assumed that various material allegations contained in the answers are true.

It is undoubtedly true that the trial court considered the objection raised by the defendants to the introduction of evidence as a motion for a judgment on the pleadings. The judgment rendered in the action so recites and for the purposes of this appeal it will be assumed that respondents' objection amounted, in effect, to such a motion. ▇▇▇ Appellant's contention that the trial court, in giving consideration to a defendant's motion for judgment on the pleadings, is limited to an examination of the material allegations of the complaint

without regard to the allegations contained in the answer of a moving defendant is correct. (*Shanley* v. *American Olive Co.,* 185 Cal. 552, 554 [197 Pac. 793] ; *Souza* v. *Market St. Ry. Co.,* 106 Cal. App. 347, 351 [289 Pac. 665] ; *Bates* v. *Escondido U. H. School Dist.,* 133 Cal. App. 725, 727 [24 Pac. (2d) 884].) It is also correct that findings of fact are not necessary on sustaining such a motion and must be disregarded. (*Taylor* v. *Palmer,* 31 Cal. 240, 257.) The single problem presented on this appeal consists, therefore, of a consideration as to whether or not the amended complaint states a cause of action.

As heretofore indicated, the pleading which was successfully attacked by respondents contains three causes of action. The material facts alleged in the first of these are as follows: Plaintiff is the owner of certain described real property in the city of Porterville. During the years 1914 and 1915 the defendant Federal Construction Company entered into contracts with the Board of Trustees of the municipality for the paving of certain streets in said city under the Improvement Act of 1911, and in accordance with the terms of these contracts the said defendant performed the work of paving said streets. On July 14, 1921, bonds were issued which represented the assessments levied against the real property owned by plaintiff. Each of the bonds constituted a lien against the specific property described therein and the liens thus created have never been released, satisfied or discharged. On May 9, 1921, prior to the issuance of the bonds, the defendant Federal Construction Company entered into a compromise agreement with certain owners of property in the city of Porterville whereby said defendant agreed to accept in full satisfaction and discharge of all its claims for the work done in paving the streets a sum which was 25 per cent less than the amount specified in the original contract under which the improvement work was done. Notwithstanding the making of the compromise agreement, bonds for the full amount of the original contract price were issued and delivered to said defendant. Under the provisions of the compromise agreement plaintiff is entitled to a discount of 25 per cent of the amount of each bond and has tendered payment and is ready, able and willing to pay such amount as may be determined to be proper upon allowance of the 25 per cent discount specified in the compromise agreement. The first cause

of action concludes with an allegation that an actual and genuine controversy exists with reference to the legal rights and obligations of plaintiff and said defendant under the aforesaid bonds.

The material facts alleged in the second cause of action are as follows: At the time the bonds mentioned in the first cause of action were issued the defendant, Guy Knupp, was a public officer of the city of Porterville, to wit, the city attorney of said municipality and as such city attorney had direct charge of all proceedings preliminary to issuance and delivery of the bonds and became financially interested in said bonds in violation of the provisions of section 920 of the Political Code in that prior to execution and delivery of the bonds, the said defendant was employed by certain property owners to represent them in a controversy which had arisen between said property owners and the Federal Construction Company and the property owners became indebted to said defendant for professional services rendered by him in representing them in the controversy. In the compromise agreement referred to in the first cause of action the said defendant agreed that 25 per cent of the bonds should be delivered to him to be held by him as trustee for the benefit of the property owners. Said defendant, however, claims an interest in and to the said 25 per cent of the bonds delivered to him. The claim thus made is adverse to the property owners and the amount of the claim is unknown. By reason of the claim thus asserted by said defendant the bonds may be avoided by plaintiff under the provisions of section 922 of the Political Code. The second cause of action concludes with an allegation similar to the concluding allegation of the first cause of action respecting the existence of an actual controversy between plaintiff and defendants with reference to the bonds.

The third cause of action alleges that no payment, either of principal or interest on the bonds, has been made except on two designated bonds and no action has been taken by the bondholders prior to the commencement of this action to collect either the principal or interest which has become due on the bonds. The collection of all payments of principal and interest which had become due prior to January 1, 1930, is barred by sections 337, 338 and 343 of the Code of Civil Procedure. Plaintiff hereby tenders and offers to pay all instalments of principal and interest and penalties, if any, which

have become due on the bonds subsequent to January 1, 1930, and in addition thereto all proper costs incurred, if any. "Defendants claim and assert an interest thereon adverse to plaintiff" which claim is without right and none of said defendants has any estate, right, title, or interest in said land or any part thereof.

The prayer of the amended complaint is first, for a declaration of the rights and duties of plaintiff and defendants under the bonds and a determination of the validity of said bonds and the obligations of the parties hereto with reference to the bonds; second, that it be declared that plaintiff is entitled to avoid payment of the bonds and that the same constitute no lien against plaintiff's property; third, that the defendants be required to set forth the nature of their claims and that all adverse claims asserted by defendants or by any of them be determined by decree wherein it shall be adjudged that plaintiff is the owner of the land and that none of the defendants has any estate or interest therein and that said defendants be debarred from asserting any claim to the land adverse to plaintiff.

Analysis of the allegations of the first cause of action as above described indicates that appellant is attempting to maintain that it is entitled to a discount of 25 per cent of the principal amount of the specified street improvement bonds which were issued to cover assessments levied upon its property to pay the cost of paving certain streets. This offset against the bonds, which admittedly constitute valid liens upon the property, is claimed by virtue of the provisions of a compromise agreement entered into between the contractor and certain property owners whereby the contractor agreed that the original contract price should be reduced by 25 per cent. It may be observed that the compromise agreement is not set out at any place in the amended complaint but is generally described in the first and second causes of action. The descriptions of the agreement contained in the two causes of action do not agree. In the first cause of action it is simply declared that the contractor agreed to accept, in full satisfaction and discharge of all its claims for performance of the street improvement work, a sum equal to 75 per cent of the original contract price. In the second cause of action it is alleged that the respondent, Guy Knupp, agreed that 25 per cent of the bonds should be

delivered to him to be held by him as trustee for the benefit of property owners. The uncertainty as to just what was contained in the compromise agreement is emphasized by other allegations contained in the two causes of action. In the first cause of action it is alleged that notwithstanding the agreement of the contractor to accept 75 per cent of the original contract price bonds were issued for the full amount of the original contract price and upon issuance were delivered to the contractor. In the second cause of action it is alleged that 25 per cent of the bonds were delivered to the respondent Knupp to be held by him as trustee for the property owners. If the latter allegation is true it is manifest that appellant has no valid claim against the contractor since it has received no more than it was entitled to receive under the terms of the compromise agreement, viz.: bonds whose total face value amounts to 75 per cent of the original contract price, bonds representing the remaining 25 per cent having been delivered to the respondent, Knupp. Appellant's claim would therefore be against Knupp alone for its proportionate share of the amount of the bonds which it is specifically alleged have been delivered to him.

However, taking the allegations of the first cause of action as true, without reference to the statements contained in the second cause of action, it is our opinion that they do not state a cause of action against respondent, Federal Construction Company. Obviously, no attempt is there made to state a cause of action against any respondent other than the Construction Company. No other respondent is mentioned therein and the controversy which is alleged to exist is solely between appellant and the contractor. It is declared that the contractor agreed to accept 75 per cent of the original contract price but that nevertheless bonds representing the full amount of the original contract price were issued and delivered to the contractor. Appellant maintains that it is entitled to rely on the provisions of the agreement and to have the court declare that the contractor may not recover more than 75 per cent of the principal amount of the bonds. In other words, appellant desires a declaration that it is entitled to an offset of 25 per cent in advance of any action brought by a bondholder to enforce the lien of the bonds which is admitted to be a valid subsisting lien against appellant's property. This we think appellant may not do. A bond issued under the provisions of the 1911

Street Improvement Act, as the pleading here being considered alleges, is a contract. (*Chapman* v. *Jocelyn,* 182 Cal. 294 [187 Pac. 962]; *Jeffreys* v. *Point Richmond Canal Co.,* 202 Cal. 290, 293 [260 Pac. 548]; *Meriwether Investment Co., Ltd.,* v. *Lampton,* 4 Cal. (2d) 697 [53 Pac. (2d) 147]; *Sammon* v. *Wing,* 105 Cal. App. 689, 692 [288 Pac. 711].) It is not, however, a contract voluntarily entered into between the contracting parties. "It is a contract forced upon the parties by the compulsion of law enacted in pursuance of the taxing power of the state." (*Chapman* v. *Jocelyn, supra.*) In the final analysis, the governmental power of taxation is the foundation for the plan established by the statute for the improvement of public streets. (*Hornung* v. *McCarthy,* 126 Cal. 17, 21 [58 Pac. 303].) The property owner who has thus been compelled by law to become a party to a contract for the improvement of streets may not claim an offset against assessments regularly levied or bonds regularly issued on the ground that the contractor who has performed the work has made a private contract with him to accept a less amount than the amount of the bonds. (*Perine* v. *Forbush,* 97 Cal. 305, 311 [32 Pac. 226]; *San Francisco Paving Co.* v. *Dubois,* 2 Cal. App. 42, 46 [83 Pac. 72].)

Appellant's second cause of action, as pleaded in the amended complaint, is that it is entitled to avoid payment of all bonds issued against its property because the city attorney of the municipality to whom 25 per cent of the bonds were delivered as trustee for the property owners claims that he has an interest in the bonds thus delivered to him which interest is adverse to the rights of the property owners in the bonds which are being held by said city attorney. This novel claim is alleged to be sustained by the provisions of sections 920 and 922 of the Political Code. Section 920 of said code provides that "Members of the legislature, state, county, city, and township officers, must not be interested in any contract made by them in their official capacity" and section 922 provides that every contract made in violation of the provisions of section 920 may be avoided at the instance of any party except the officer interested therein. However, it is here specifically alleged that the individual who was city attorney of the city of Porterville at the time a controversy arose between the contractor and certain property owners was employed by the property owners to act as counsel for them for the purpose of presenting their claims in court and

otherwise and that thus the property owners became indebted to the attorney for his professional services which indebtedness constitutes the basis for the attorney trustee's claim of some interest in the particular bonds delivered to him. It must be observed that the inhibition against interest in contracts by public officers which is contained in section 920 of the Political Code is expressly limited to contracts made by such officers ''in their official capacity''. The pleading effectually negatives any claim that the interest which the attorney is allegedly asserting in any of the bonds is based upon or has any connection with any contract made by him in his official capacity as city attorney. According to the allegations of the complaint the attorney acted, not in his official capacity as city attorney, but in his private capacity as an attorney at law. It is obvious that the aforesaid sections of the Political Code are not applicable to the situation presented by the pleading and that no cause of action is therein alleged.

█ The third cause of action seeks to interpose the bar of the statute of limitations to any claim for payments of either principal or interest which became due on the bonds specified in the complaint prior to January 1, 1930, and, upon tender of payment of whatever amounts became due subsequent to said date, to have an adjudication that respondents have no right, title, interest or estate in the land. In effect, it is a cause of action to quiet title against the lien of the bonds.

It is apparent that no cause of action is stated by the pleading. It is by reference alleged that the bonds were issued under the 1911 Street Improvement Act. Section 60 of this statute provides that payments of principal and interest on the bonds shall be paid by the city treasurer exclusively from a designated fund which is made up from sums paid to said officer ''for the principal of said bonds and the interest thereon''. Since the bonds represent assessments levied upon real property to meet the cost of street improvements it is obvious that the various sums of money which are to compose the special fund, from which alone the city treasurer is authorized to make payments of principal and interest to bondholders, are to be supplied by the property owners. Appellant in his third cause of action expressly admits that it has made no payment, either of principal or interest, from the date of issuance of the bonds up to the time of institut-

ing its action, and then pleads that payments of all installments of principal and interest which became due prior to January 1, 1930, are barred by the statute of limitations. So naive a plea may not be sustained. It is settled that when payment of an obligation is provided to be made out of a particular fund the debtor may not plead the statute of limitations without showing that the fund has been provided. (*Sawyer* v. *Colgan,* 102 Cal. 283, 292 [36 Pac. 580, 834].) Here the debtor has not merely failed to show that the particular fund has been provided but has affirmatively alleged that it has not made the contributions to the fund which the statute declares it must make and from which alone the payments due on the bonds could have been made. Under these circumstances the plea of the statute of limitations by the debtor is entirely unavailing and the pleading fails to state a cause of action. (*Hewel* v. *Hogin,* 3 Cal. App. 248, 253 [84 Pac. 1002].)

With reference to the third cause of action, it should further be observed that the attempt is here made to state a cause of action for quieting title against claims for payment of principal and interest due on bonds validly issued on the ground that such payments are barred by the statute of limitations, without pleading willingness to pay the indebtedness represented by the bonds, which indebtedness is admittedly due. The cause of action thus attempted to be stated is strictly equitable in character and is to be measured by equitable principles. No principle of equity is more firmly established than the familiar rule that he who seeks equity must first do equity. Unwillingness to pay a just indebtedness concededly due does not commend him who seeks the aid of equity to avoid payment of such indebtedness on the ground that the debt, though morally due, is barred by the provisions of a statute limiting the time within which an action to enforce payment of the obligation may be instituted. (*Hayne* v. *San Francisco,* 174 Cal. 185, 197 [162 Pac. 625]; *Dool* v. *First National Bank,* 207 Cal. 347, 352 [278 Pac. 233]; *Warden* v. *Barnes,* 111 Cal. App. 287, 292 [295 Pac. 569].) For this additional reason we conclude that the third cause of action is vulnerable to the claim that it fails to state a cause of action for equitable relief.

One final matter deserves consideration. The record shows that respondent Guy Knupp filed a demurrer to the

amended complaint which was sustained without leave to amend as to the first and second causes of action and overruled as to the third cause of action and that thereafter said respondent filed an answer in which he disclaimed any right, title, or interest of any character in any of the bonds or the property described in the third cause of action. The record also shows that at the time of trial this respondent was neither present himself nor was he represented by counsel. The objection which was raised by his codefendants to the introduction of evidence by appellant was not made by this respondent. He did not join in it. It was not made in his behalf. Under these circumstances, the trial court's action in rendering judgment on the pleadings in favor of this particular respondent was obviously incorrect. As to Knupp the judgment should have quieted title against him since he was a defendant in the action who had disclaimed any interest in the bonds or in the real property described in the amended complaint.

The judgment in so far as it refuses to grant any relief against the disclaiming respondent Guy Knupp is reversed with directions to the trial court to correct its judgment in accordance with the views herein expressed. In all other respects, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1936.