Filed 9/28/16  Rosenblum v. Mortgage Electronic Registration Systems CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JENNIFER MAE ROSENBLUM,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br><br>        Defendant and Respondent. | A146526<br><br>(San Mateo County<br>Super. Ct. No. CIV 463382) |

Jennifer Rosenblum had a domestic relationship with Richard Hatfield.  When the relationship ended, Rosenblum initiated a *Marvin*[1] action seeking a determination that all property the couple acquired during their relationship was jointly owned, including certain real property in Woodside, California (the Property).  She recorded a lis pendens, later expunged, against the Property.  While the *Marvin* action was pending, Hatfield obtained a loan, secured by a deed of trust on the Property (Deed of Trust).  Respondent Mortgage Electronic Registration Systems (MERS), as nominee for the original lender, subsequently assigned all beneficial interest in the Deed of Trust to U.S. Bank National Association (U.S. Bank), as trustee for a securitized loan trust.

The court in the *Marvin* action determined that Rosenblum and Hatfield jointly owned the Property, and Rosenblum filed an action seeking partition and sale of the Property.  Hatfield filed a bankruptcy petition.  In adversary proceedings, the bankruptcy court determined that U.S. Bank's Deed of Trust encumbered only Hatfield's one-half

---

[1] *Marvin v. Marvin* (1976) 18 Cal.3d 660.

1

interest in the Property. In settlement of other claims by Rosenblum, the bankruptcy trustee conveyed its interest in the Property to Rosenblum by grant deed.

Rosenblum, by amended complaint, sought to quiet title to the Property against U.S. Bank, MERS, and others, asserting that she held title free of the encumbrance of the Deed of Trust. The trial court separately sustained demurrers, without leave to amend, in favor of both U.S. Bank and MERS. We affirmed the decision in favor of U.S. Bank, finding that MERS assigned the Deed of Trust to U.S. Bank, and that the Deed of Trust encumbered a 50 percent interest in the Property. (*Rosenblum v. U.S. Bank* (Apr. 1, 2016, A143027) (*Rosenblum I*) [nonpub. opn.].) Our opinion in *Rosenblum I*, now final, is fatal to Rosenblum's appeal of the decision in favor of MERS.

## I.    BACKGROUND[2]

"In 1993, Richard Hatfield purchased [the Property]. Title to the Property was in Hatfield's name. At the time, [Rosenblum] and Hatfield were living together and had two children, but were not married. [Rosenblum] and Hatfield subsequently separated. [¶] In 2001, [Rosenblum] sued Hatfield seeking joint ownership of their property, including the Property. [Rosenblum] filed a dissolution action, a *Marvin* action, and apparently others. The cases were consolidated in the trial court. [¶] In 2002, [Rosenblum] recorded a lis pendens providing notice of the pending dissolution action in which she asserted an interest in the Property. In 2003, an order expunging the lis pendens issued but was never recorded. In 2004, Hatfield executed [the Deed of Trust] against the Property to secure a loan . . . . The Deed of Trust was eventually assigned to U.S. Bank. [¶] In 2007, a statement of decision issued in the *Marvin* action (the 2007 *Marvin* decision) finding [Rosenblum] and Hatfield jointly owned all their property, including the Property, and their assets were 'to be divided equally.' The court bifurcated the question of an accounting of the parties' jointly owned property.

---

[2] We recite the common facts as set forth in *Rosenblum I*, omitting footnotes. Our recitation of the facts in that matter, as here, assumes the truth of the allegations of Rosenblum's complaint and includes matters judicially noticed by the trial court. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

2

"In 2008, Hatfield filed for bankruptcy. Because of this filing, the *Marvin* and related actions were stayed. Hatfield's property became the property of his bankruptcy estate, and the estate's trustee (Trustee) initiated an adversary proceeding against [Rosenblum] and U.S. Bank (or its predecessor in interest), among others. The Trustee contended the Deed of Trust should be paid from the proceeds of both Hatfield's and [Rosenblum's] interest in the Property; [Rosenblum] argued the Deed of Trust attached only to Hatfield's 50 percent interest. In 2009, the bankruptcy court issued an order agreeing with [Rosenblum]. After discussing the background of the lis pendens and the 2007 *Marvin* decision finding [Rosenblum] and Hatfield each had a 50 percent interest in the Property, the bankruptcy court held the lis pendens was valid, despite the expungement, and protected [Rosenblum's] one-half interest in the Property from the Deed of Trust. Accordingly, the bankruptcy court concluded the Deed of Trust 'attach[es] only to the Hatfield bankruptcy estate's one-half interest in the Property.'

"In March 2010, [Rosenblum] and the Trustee entered into a settlement agreement. The settlement agreement discussed the 2007 *Marvin* decision, which it referred to as the 'Marvin Decision,' and characterized it as finding [Rosenblum] and Hatfield were each 'a one-half equitable owner of all real and personal property acquired by them' subject to exceptions not relevant here. The settlement agreement provided that the 'Trustee acknowledges and agrees that the Marvin Decision accurately adjudicated title to [the Property]' and, '[a]t the request of [Rosenblum], Trustee will execute a Stipulation for Judgment incorporating the Marvin Decision into a final judgment.' [¶] The settlement agreement also stated [Rosenblum] had asserted a number of claims in the bankruptcy proceeding. The agreement provided that [Rosenblum] would subordinate most of her claims and, '[i]n consideration for [Rosenblum's] subordination of the claims set forth above, Trustee agrees to sell to [Rosenblum] . . . any and all remaining property of the Estate. . . . As to [the Property], the parties shall execute the Purchase Agreement attached to this Agreement . . . .' The bankruptcy court subsequently issued an order authorizing this sale of the Property and authorizing the Trustee 'to consent to final judgment in the [*Marvin* action] in accordance with that certain Statement of Decision

3

dated January 22, 2007 . . . .' In July 2010, after judgment issued in the bankruptcy adversary proceeding, the Trustee executed and recorded a grant deed transferring the Property to [Rosenblum].

"Subsequently, in the *Marvin* action, [Rosenblum] moved under Code of Civil Procedure [section] 664.6 for final judgment pursuant to the parties' settlement. In February 2014, the court issued an order granting this motion. The order referred to and attached the 2007 *Marvin* decision 'determining [Rosenblum] and Hatfield equally owned the property they had acquired'; noted Hatfield's bankruptcy filing and resulting litigation; referred to and attached the settlement agreement between the Trustee and [Rosenblum] providing 'the Trustee agreed to sell . . . the Estate's interest in [the Property] to [Rosenblum]'; referred to and attached the final judgment of the bankruptcy court 'determining the interests of [Rosenblum] and the Trustee in [the Property]'; and referred to and attached the grant deed from the Trustee granting her interest in the Property to [Rosenblum]. The order found the obligations of the settlement agreement had all been satisfied 'with the exception of the Trustee's stipulation to a final judgment in this action,' and noted the Trustee's counsel approved the form of judgment proposed by [Rosenblum] as consistent with the settlement agreement and bankruptcy court order approving the settlement. The judgment thereby issued by the court ordered 'that the entire joint interests of [Rosenblum] and of Hatfield, as succeeded to by the Estate, including [the Property], be and hereby is distributed to [Rosenblum] as her sole and separate property.'

"In March 2014, [Rosenblum] filed the operative second amended complaint. This complaint, brought against U.S. Bank and others, sought to quiet [Rosenblum's] title in the Property and determine that the defendants have no interest in the Property. U.S. Bank demurred, arguing the Deed of Trust encumbers 50 percent of the Property. The trial court sustained the demurrer and issued judgment dismissing with prejudice

4

[Rosenblum's] complaint as to U.S. Bank."[3]  Rosenblum appealed (*Rosenblum I*).  While *Rosenblum I* was pending, MERS demurred to Rosenblum's third amended complaint.[4]  In connection with MERS's earlier motion for judgment on the pleadings, MERS requested judicial notice of the Deed of Trust and MERS's assignments of it, and the requests were renewed in MERS's demurrer.  The court granted the request for judicial notice, and sustained the demurrer without leave to amend, finding that Rosenblum had not alleged facts sufficient to state a cause of action against MERS.  On July 15, 2015, the court entered judgment dismissing the matter as to MERS, with prejudice.[5]  Rosenblum appealed.

On April 1, 2016, we issued our opinion in *Rosenblum I*.[6]  We affirmed the trial court order sustaining U.S. Bank's demurrer.  In doing so, we upheld the trial court's finding that the Deed of Trust held by U.S. Bank encumbered a 50 percent interest in the Property.  The Supreme Court denied Rosenblum's petition for review.  Our decision became final and a remittitur issued on June 24, 2016.

## II.    DISCUSSION

In this appeal, Rosenblum contends that MERS should not have been dismissed from the action because (1) MERS failed produce admissible evidence of its authority to assign the Deed of Trust and underlying note, making the assignments subject to dispute; and (2) whether or not MERS holds an interest in the Property, entry of separate

---

[3] The trial court's order was entered on May 23, 2014, and the judgment of dismissal was entered on July 23, 2014.

[4] MERS first appeared in this action in August 2014, by stipulation to set aside a default taken by Rosenblum.  It answered the second amended complaint on September 4, 2014.  On January 30, 2015, the court granted MERS's motion for judgment on the pleadings on the second amended complaint, but gave Rosenblum leave to amend.

[5] Rosenblum filed a motion for new trial, which was denied by operation of law when the hearing was continued beyond the jurisdictional time limit.  (*Green v. Laibco, LLC* (2011) 192 Cal.App.4th 441, 447.)

[6] On April 26, 2016, we issued a modification of our opinion and denied Rosenblum's petition for rehearing.

5

judgment in MERS in an in rem quiet title action violates the one final judgment rule. We reject both arguments.

We review an order sustaining a demurrer de novo, "assum[ing] the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. [Citation.] We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory. [Citation.] [¶] In making this determination, we also consider facts of which the trial court properly took judicial notice. [Citation.] . . . [¶] In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. [Citation.] We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained." (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.)

Rosenblum's third amended complaint pled a single cause of action and sought a judgment quieting her fee simple title to the Property, and determining none of the named defendants had any "right, title, or interest in or to [the Property]."[7] "The purpose of a quiet title action is to finally settle and determine the parties' conflicting claims to the property and to obtain a declaration of the interest of each party. [Citation.] The quiet title claimant has the burden of proof to show every element of the right claimed." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 298.) "An element of a cause of action for quiet title is '[t]he adverse claims to the title of the plaintiff against which a determination is sought.' " (*West v. JPMorgan Chase Bank, N.A.* (2013)

---

[7] In addition to U.S. Bank and MERS, Rosenblum named the original lender, Preferred Financial Group, Inc. (doing business as Preferred Mortgage Services); Sandhill Venture Group (also known as Sand Hill Road Venture Group); and JP Morgan Chase Bank, N.A., as successor-in-interest to Washington Mutual Bank. No information is provided as to the litigation status of any of these entities.

6

214 Cal.App.4th 780, 802, quoting Code Civ. Proc., § 761.020, subd. (c).) MERS has no such claim.

A. *MERS's Authority to Assign the Deed of Trust*

The MERS System is a method devised by the mortgage banking industry to facilitate securitization of real property debt instruments. "MERS is a private corporation that administers a national registry of real estate debt interest transactions. Members of the MERS System assign limited interests in the real property to MERS, which is listed as a grantee in the official records of local governments, but the members retain the promissory notes and mortgage servicing rights. The notes may thereafter be transferred among members without requiring recordation in the public records. [Citation.] [¶] Ordinarily, the owner of a promissory note secured by a deed of trust is designated as the beneficiary of the deed of trust. [Citation.] Under the MERS System, however, MERS is designated as the beneficiary in deeds of trust, acting as 'nominee' for the lender, and granted the authority to exercise legal rights of the lender." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 267, disapproved on another ground in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939.) California courts "have universally held that MERS, as nominee beneficiary, has the power to assign its interest under a [deed of trust]." (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1498.)

The original Deed of Trust identified Hatfield as the "Borrower," Preferred Financial Group, Inc. as the "Lender," and Ticor Title Company as the "Trustee." The Deed of Trust also provided that MERS "is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." The Deed of Trust further provided: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests . . . ." In 2010, MERS executed and recorded a notice providing it "hereby grants, assigns, and transfers to U.S. Bank, National Association, as trustee, successor-in-

7

interest to Wachovia Bank, N.A. as trustee for MALT 2004–1 all beneficial interest under" the Deed of Trust. In 2011, MERS executed and recorded a notice providing it "hereby grants, assigns, and transfers to [U.S. Bank] all beneficial interest under" the Deed of Trust. The 2011 assignment notice stated it was "being recorded to correct" the 2010 assignment notice.

In *Rosenblum I*, we rejected Rosenblum's argument that the 2011 assignment by MERS to U.S. Bank was a nullity. We held that MERS, as nominee for the lender, had authority to assign, and did assign, the promissory note and Deed of Trust to U.S. Bank. We also observed that MERS itself "had no interest in the note" since it was only a nominee for the lender. Our holding effectively resolves all issues presented in this appeal.

" 'The doctrine of "law of the case" deals with the effect of the first appellate decision on the subsequent retrial or appeal: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case.' " (*Gyerman v. United States Lines Co.* (1972) 7 Cal.3d 488, 498, italics omitted; *Lucky United Properties Investments, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 651.) In *Rosenblum I*, the trial court had sustained U.S. Bank's demurrer on the ground that Rosenblum failed to state a cause of action to quiet title against U.S. Bank. In affirming, we found the trial court had not erred in concluding the Deed of Trust encumbered 50 percent of the Property, and we specifically rejected Rosenblum's challenge to U.S. Bank's ownership of the Deed of Trust. Since our decision in *Rosenblum I* appeared to resolve all material issues in the present appeal adversely to Rosenblum, we allowed the parties to submit supplemental briefing on this question.

In her supplemental brief, Rosenblum argues her claims remain viable, that the trial court improperly dismissed MERS from the action based on a lack of interest in the Property, and that MERS, as nominee, continues to hold legal title to the property. We disagree.

8

Our holding confirming U.S. Bank's ownership of the note and Deed of Trust necessarily forecloses Rosenblum's contention here that MERS's authority to assign the note and Deed of Trust remains subject to dispute. Rosenblum asserts that the logical implication of our holding in *Rosenblum I* is that MERS remains the legal owner of the security interest in the Property, despite U.S. Bank's adjudicated beneficial interest, and therefore continues to be an adverse claimant to the Property. But this ignores the fact that there is only *one* encumbrance on the Property, securing one note, and imposed by one Deed of Trust. Whether or not MERS continues to hold legal title to the debt instruments, it does so only as agent for the current beneficial owner—U.S. Bank. MERS has no interest separate and apart from that of U.S. Bank to adjudicate.

B.    *One Final Judgment Rule*

As a corollary argument, Rosenblum continues to contend that the trial court erred in entering a separate judgment of dismissal in favor of MERS, insisting that in a quiet title action she is entitled to a single in rem judgment against all adverse claimants.[8] " 'Under the "one final judgment" rule, an order or judgment that fails to dispose of all claims between the litigants is not appealable under Code of Civil Procedure section 904.1, subdivision (a).' [Citation.] This rule does not apply, however, ' "when the case involves multiple parties and a judgment is entered which leaves no issue to be determined as to one party." ' " (*Ram v. OneWest Bank, FSB* (2015) 234 Cal.App.4th 1, 9.)

We first observe that our prior decision renders the issue moot. Were we to remand this case to the trial court, Rosenblum does not explain how she could obtain a judgment quieting title in her favor against MERS, which serves only as a nominee for U.S. Bank. "A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief." (*Woodward Park Homeowners Assn. v. Garreks, Inc.* (2000) 77 Cal.App.4th 880, 888.)

---

[8] In *Rosenblum I*, we held that Rosenblum had forfeited a similar claim by failure to properly present it in the trial court.

Rosenblum is, in any event, simply wrong on the merits. She cites what she identifies as the "rule" of *Linthicum v. Butterfield*, that in a quiet title action, a defendant who disclaims an interest in property "is not entitled to judgment in his favor. [Citation.] Instead, the judgment should quiet title against the disclaiming defendant." (*Linthicum v. Butterfield* (2009) 175 Cal.App.4th 259, 270, citing *Bradley Co. v. Ridgeway* (1936) 14 Cal.App.2d 326, 337.) *Linthicum* (and *Bradley*) stand for no more than the proposition that a disclaimer of interest alone is insufficient to quiet title. The trial court did not dismiss MERS because it disclaimed an interest.[9] It sustained a demurrer because Rosenblum failed to establish through her pleadings a necessary element of her claim. We know of no authority for the position that a defendant in a quiet title action is somehow barred from seeking pretrial adjudication of the sufficiency of a plaintiff's claims. (See, e.g., *Orcilla v. Big Sur, Inc.* (2016) 244 Cal.App.4th 982, 1010 [demurrer to quiet title claim properly sustained on res judicata bar]; *West v. JPMorgan Chase Bank, N.A., supra,* 214 Cal.App.4th at pp. 802–803 [demurrer to quiet title claim properly sustained where judicially noticed documents showed that none of the named defendants had adverse claims to title].)

All claims presented by Rosenblum in the instant appeal have either been foreclosed by our decision in *Rosenblum I* or rendered moot.

### III.  DISPOSITION

The judgment is affirmed. MERS shall recover its costs.

---

[9] In its earlier ruling granting judgment on the pleadings on Rosenblum's second amended complaint, the court made clear the it did not consider MERS's disclaimer of interest in the Property to be a basis on which to grant judgment.

10

_____

BRUINIERS, J.


WE CONCUR:


_____

JONES, P. J.


_____

NEEDHAM, J.


A146526