[Civ. No. 6586.   Third Dist.   July 17, 1941.]

CALIFORNIA TRUST COMPANY (a Corporation), Plaintiff, v. LEAL GARBETT, Individually and as Executrix, etc., Appellant; OCCIDENTAL PETROLEUM CORPORATION (a Corporation), Respondent.

H. Sidney Laughlin for Appellant.

Overton, Lyman & Plumb, Cecil A. Borden, Kenyon F. Lee and John A. Loomis for Respondent.

TUTTLE, J.—This is an appeal from an order denying the motion of appellant, under section 473 of the Code of Civil Procedure, to set aside and vacate a written abandonment of an appeal.   In support of the motion, appellant relies upon the affidavit of her counsel and the records and files of the action.   No counter-affidavit was filed by respondent.   There is no dispute as to the facts upon which the application was based.   There is in reality only one appellant, who is sued as an individual and also as executrix.

On September 2, 1938, a judgment in the above entitled action was entered against appellant in the Superior Court of Los Angeles County.   The pleadings are not in the record before this court.   From the affidavit filed by appellant, and the court's findings, it appears that the action was brought by plaintiff, as trustee under an express trust.   It was alleged in the complaint that an actual controversy existed between

appellant and Occidental Petroleum Corporation as to their rights under said trust. Appellant, in her pleading, set up facts to show that the trust agreement was obtained through menace and undue influence. Respondent set up the statute of limitations as one of the defenses. The court found that the action was barred by said statute, and also that there was no fraud, duress or undue influence used in the preparation and execution of said trust agreement. It was adjudged that appellant take nothing by reason of the action. An appeal was taken from said judgment to the Supreme Court. Thereafter, and on February 8, 1939, appellant filed an *abandonment* of said appeal. It appears that three other actions of a similar nature, but each with a different plaintiff, were filed in the *superior* court, and one of such actions was filed in the *United States District Court,* Southern District of California. Counsel for appellant did not come into the cases until January 5, 1939, and was unfamiliar with the affairs of appellant prior to said date.

When the action in the federal court was tried on March 15, 1939, the court held that as the judgment in the state court had become final, it was a bar to the action, and rendered judgment against appellant. Appellant very frankly states her position to be as follows:

"Thus it appears Leal Garbett, appellant herein, is in the anomalous position of seeking relief of this court from an order denying her motion to set aside and vacate her abandonment of appeal theretofore filed and to reinstate her appeal from a judgment rendered against her, while being, at the same time, disinclined to prosecute such appeal. The seeming anomaly of her position is more apparent than real, however, as a thoughtful weighing of the facts will disclose. Appellant is, to state it briefly, forced to this appeal in order to protect other litigation now being prosecuted by her, from the plea of *res adjudicata* by respondent herein. This the lower court did not fully comprehend when it denied the motion, the effect of which denial was not confined solely to this action, but very materially affected four others, involving large sums of money. Three of those actions are now before this court on appeal from the judgment. . . . In this action the statute commenced to run from the date of the trust as to both appellant and her husband, and some seven years having elapsed, it is apparent, unless some reason appear to stay the

statute, that it had run its course and the cause of action is barred. If the only finding of the lower court had been that the statute had run, and the action was thereby barred, appellant would not now be in this predicament. But the lower court made other findings to the effect that no threats of criminal prosecution, promises of immunity, menace, duress, undue influence or fraud was or were made or employed by respondent to procure the conveyance of such property to the trustee plaintiff. . . . Under the pleadings of this action, as between the interpleading defendants, the ultimate fact is the validity of the trust agreement. However, the special plea of the statute of limitations was raised by the answer of respondent corporation to the claims of appellant. As between these parties such a plea is in bar, and must be heard and determined by the trial court before the merits of the action can be heard. If it is then found that such plea is good, the court is not authorized to go further into the facts involving the merits of the action, and certainly not to make any findings on the merits. In view of such plea, the only relief to which respondent is entitled is a judgment that the action abate.''

We believe that the foregoing argument should properly have been addressed to the federal court in opposition to the plea of *res adjudicata*. We do not deem it our duty to decide here whether or not the former judgment was a bar. Our only inquiry here is whether or not the trial court abused its discretion in denying the motion. It is true that appellant finds herself in a dilemma, and that it is one brought about by the mistake of her counsel in overlooking the strategic importance of keeping the judgment alive, and thus preventing opposing counsel from making use of it as *res adjudicata*. She admits that the appeal had no merit, but she has hopes of securing a modification which would show that the *merits* of the case were not adjudicated. All of such facts were presented to the trial court. We cannot say that it abused its discretion by failing to assist appellant in resisting the plea of her opponents in the *other actions*.

The order is affirmed.

Pullen, P. J., and Thompson, J., concurred.