[Civ. No. 17601.  Second Dist., Div. Two.  July 25, 1950.]

FRED W. AXE et al., Appellants, v. COUNTY OF LOS ANGELES, Respondent.

Robt. E. Rosskopf for Appellants.

Harold W. Kennedy, County Counsel, and Arthur Loveland, Deputy County Counsel, for Respondent.

WILSON, J.—This is an action for partition of a vacant lot. Plaintiffs have appealed from a judgment that they take nothing by their action and adjudging that they have no right, title, interest or estate in or to the property and that they are estopped from claiming or asserting any interest therein adverse to the interest of defendant.

On June 9, 1941, title to the property was vested in Alice M. Filbin and Hilda E. Rawlings, as tenants in common each of an undivided one half interest. The property was subject to the lien of a street assessment held by the county of Los Angeles. On that date the county commenced an action against the record owners for the foreclosure of the assessment and recorded a *lis pendens.* Defendants Filbin and Rawlings were both served with summons and complaint and on January 25, 1942, defendant Filbin executed a verified disclaimer of any right, title or interest in or to the property. The disclaimer was filed on April 3, 1944; default of defendant Rawlings was entered and judgment of foreclosure was rendered on April 6, 1944. The judgment made no mention of Filbin, except in the title of the action, and did not mention the disclaimer but did order the entire lot sold. Pursuant to a writ issued for the sale of the lot the sheriff advertised and sold it on July 10, 1944. No redemption having been made the sheriff issued his deed to the county of Los Angeles, dated December 19, 1946, describing the entire property. On January 28, 1947, Alice Filbin executed and delivered to plaintiffs a quitclaim deed of her interest in the property, which deed was recorded February 4, 1947.

At the trial of the action Arthur Loveland, attorney for the county, testified that in a conversation which he had with plaintiff Fred W. Axe in the latter part of 1947 or early in 1948, Axe stated he knew of the disclaimer before he purchased the quitclaim deed from Alice Filbin. After the cause had been submitted plaintiffs moved to reopen the trial for further evidence. Their motion was supported by the affidavit of plaintiff Fred W. Axe in which he alleged that at the time he pur-

chased the quitclaim deed he did not know a disclaimer had been executed by Alice Filbin in connection with the property. Plaintiffs' motion was denied. Judgment followed in favor of defendant.

Plaintiffs contend that (1) the trial court abused its discretion in denying the motion to reopen; (2) the disclaimer in the foreclosure action was not a conveyance; (3) the judgment in that action did not affect Filbin's interest; (4) plaintiffs are not estopped from asserting title.

Plaintiffs concede that the reopening of a trial for further evidence rests in the sound discretion of the trial judge. They assert, however, that in the instant case evidence of their title was entirely documentary and their presence in court unnecessary to prove title; that they had no reason to anticipate testimony contrary to facts supported by written instruments in their possession; that in such circumstances the denial of their motion was an abuse of discretion.

Defendant in its answer to the complaint alleged that "prior to and at the time plaintiffs herein purported to acquire their asserted right and title to the property involved herein from Alice M. Filbin they . . . knew . . . of the disclaimer filed by said predecessor, and of the aforementioned sale and purchase by Defendant in reliance upon said disclaimer and the failure of Plaintiffs' predecessor to assert any interest or claim at the foreclosure sale of said property; that in equity and good conscience Plaintiffs can acquire no greater interest in said property than possessed by their predecessor in title, and that Plaintiffs . . . are estopped and ought not to be permitted to assert any right, title or interest in said property." In view of the fact that defendant's answer alleged plaintiffs' knowledge of the disclaimer prior to their purchase of the quitclaim deed and estoppel based upon such knowledge, plaintiffs should have anticipated that defendant would offer evidence in support of such allegation.

Furthermore, the trial court had before it in considering plaintiffs' motion not only the evidence of Mr. Loveland and the affidavit of plaintiff but also the affidavit of F. B. Murphy, a deputy county tax collector. Plaintiff averred in his affidavit that he purchased the quitclaim deed on January 28, 1947; that "the first connection or information your affiant had with said property was early in December, 1946, at which time your affiant noticed said property was listed for sale at public auction for delinquent taxes by the county tax collector"; that the first information he received from any source

that a disclaimer had been executed or filed by Alice M. Filbin was contained in a letter from his attorney which he received about March 5, 1947; that he did not have any knowledge of the disclaimer prior to the purchase. Plaintiff's statement with reference to the listing of the property for sale for delinquent taxes is contradicted by the affidavit of Mr. Murphy which recites that the property in question "came within the provisions of the Moratorium Act and was not and could not be sold at public auction and was never, either in 1945 or in 1946, listed for sale at public auction for delinquent taxes; that in December, 1946, the County of Los Angeles entered into an agreement with the State of California for the purchase of the tax title to said property, and that on January 9, 16, 23, 1947, for the first and only times said property was publicly advertised for sale . . ." Obviously plaintiff could not, as he claims, have noticed in December, 1946, that the property was listed for sale since it was not so listed until the following month. We find no abuse of discretion in the refusal of the trial court to grant plaintiffs' motion to reopen.

It is true, as contended by plaintiffs, that Mrs. Filbin's disclaimer filed in the foreclosure action was not of itself sufficient to constitute a conveyance of her interest. A disclaimer is "a denial of the insistence upon any claim or right in the thing demanded, and a renunciation of all claim thereto; a denial of right or title, although not necessarily a denial of prior possession; an admission upon the record of plaintiff's right, and a denial of assertion of title on the part of defendant." (26 C.J.S. 1331; 18 C.J. 1049 and cases cited.)

Plaintiffs' predecessor voluntarily filed a disclaimer stating she had no right, title or interest in the property knowing at that time defendant was seeking foreclosure of the assessment which was a lien against the property and would rely upon the disclaimer, and that the foreclosure proceedings would be consummated by the sale of the property at public auction. She made no objection to the sale and failed to redeem after sale. She is, therefore, estopped from asserting any right, title or interest in the property adverse to the interest of defendant and it is immaterial that judgment was not taken against her.

The court found, and the finding is supported by the evidence, that at the time plaintiffs procured a quitclaim deed from Alice Filbin they had full knowledge of the foreclosure proceedings and that she had executed a disclaimer of her

interest in the property. They are therefore in no better position than their predecessor and are estopped from claiming or asserting any interest in the property adverse to the interest of defendant.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.