[Civ. No. 15826. First Dist., Div. One. Jan. 26, 1955.]

CHARLES TESSEYMAN et al., Appellants, v. GEORGE
H. JOVICK et al., Defendants; CALIFORNIA PA-
CIFIC TITLE INSURANCE COMPANY, Respondent.

H. J. Kleefisch for Appellants.

Landels & Weigel for Respondent.

PETERS, P. J.—Plaintiffs brought this action to quiet their
title to or to impose a constructive trust on certain real
property. The trial court denied the requested relief and
plaintiffs appeal.

The plaintiffs are Charles Tesseyman and C. A. Sohn. Tesseyman owned equities in the Hotel Angelus, the Hotel La Salle and the Motel Inn. Titles to these properties were in the name of Mrs. Sohn, Tesseyman's manager. Defendants George H. Jovick and Leonard R. Jacobson were interested in purchasing the hotel properties. Their demurrer to the third amended complaint was sustained without leave to amend. They are not parties to this appeal. John Moore and Jack Shaffer, also named as defendants, were real estate brokers who negotiated the sale. Although neither was served, each filed a disclaimer. Defendant Kenneth Keyes, although not served, also filed a disclaimer. He was a janitor who permitted himself to be used as the nominee of the purchasers. The Nash Building Company, Inc. was the employer of Keyes, and the operator of the Nash Building in which Moore and Shaffer had their offices. Its demurrer to the second amended complaint was sustained without leave to amend, so it is not a party to this appeal. Defendant W. K. Ephraim was dismissed as a party at the opening of the trial. The California Pacific Title Insurance Company acted as one of the escrow depositaries in the sale of the properties, and took title to them at the conclusion of the escrow. It was the only defendant appearing at the trial, and is the only respondent involved on the appeal.

The facts are as follows: Until July of 1950 Tesseyman owned the three properties here involved. For convenience of management he had placed record title to them in the name of his manager, Mrs. Sohn. Sometime in July, 1950, Moore, a real estate broker, acting for undisclosed principals, made an offer to purchase Tesseyman's equities in the three properties for $115,000, and Tesseyman accepted. A uniform deposit receipt dated July 25, 1950, was signed, Moore representing that one Kenneth Keyes was the nominal purchaser. Keyes was, in fact, a dummy for the undisclosed buyers. Moore testified that he had been directed to make the offer by George Jovick and Leonard Jacobson, but, as the story unfolded at the trial, the intended buyers were Helen and Patty Offield who are not parties to this action. The agreement called for a $5,000 deposit with the title company, and this sum was, in fact, deposited with California Pacific by the Offields. The agreement also provided that Tesseyman should pay Moore a broker's commission on the sale.

Pursuant to the provisions of the agreement, Mrs. Sohn deposited in escrow with the City Title Company the documents called for by the agreement. By these documents titles to the hotels and to their contents were to be conveyed to the California Pacific upon payment to City Title of $115,000.

Attached to the sales agreement were typed sheets purporting to itemize the encumbrances on the three properties assumed by the buyer. Among other things, as to the encumbrances on Hotel Angelus, it was stated: "Subject to the first deed of trust of record and a balance owing to Eva L. Wilson on account of the purchase price of a one-fourth interest in the above property, the amount of which said balance is about $18,000 . . ." It appears that Mrs. Wilson did hold a deed of trust against this property, but she was unwilling to sell her interest unless she also received an additional $2,550 which she claimed Tesseyman owed her as a result of other deals they had had together. This $2,550 claim of Mrs. Wilson was not listed as an encumbrance in the sales agreement, but to get Mrs. Wilson out of the picture the buyers agreed to include Mrs. Wilson's additional claim for $2,550 in the assumed obligations. Thereupon, Mrs. Sohn modified her instructions to the City Title Company to provide that one of the conditions of the transaction was that California Pacific should secure a receipt from Mrs. Wilson acknowledging payment of the $2,550. California Pacific did pay this claim out of the escrow set up by the Offields and received the requested receipt from Mrs. Wilson.

As to the Hotel La Salle property, the addenda of encumbrances listed two deeds of trust. Not revealed by Tesseyman was a third deed of trust in the sum of $22,359 held by one Mrs. Lloyd. Sometime after the agreement of sale was signed Moore told Tesseyman's attorney that his principal had discovered this third deed of trust and a chattel mortgage, that his principal was willing to pay $15,000 to Mrs. Lloyd, but that the deal was off unless Tesseyman agreed to pay the balance of $7,359. Tesseyman agreed to this modification, and in September, 1950, the City Title Company notified California Pacific that the purchase price had been reduced $7,359. During the trial Tesseyman asserted that he did not know whether Mrs. Lloyd had ever been paid, but he admitted, somewhat equivocally, that, prior to the agreement to reduce the purchase price, Mrs. Lloyd had demanded her money, and he conceded that since the amended instructions had

been filed he had not been called upon to pay this debt, nor had any demand been made that he do so.

Also in September, 1950, Moore told Tesseyman that his principal would like to exclude the Motel Inn from the purchase agreement. Tesseyman agreed, and Sohn signed modifying instructions removing the Motel Inn from the deal, and reducing the purchase price to $70,000, less the $2,550 debt owed to Mrs. Wilson. On October 3, 1950, California Pacific paid the purchase price, including the Wilson receipt, to the City Title, and received from it the deeds naming California Pacific as grantee, and the other documents called for by the purchase agreement.

The cause proceeded to trial on the issues set forth in two causes of action in the third amended complaint. Both causes involve only the Hotel La Salle, it being alleged that the defendants no longer own the Hotel Angelus. The first cause of action seeks to quiet appellants' title to the Hotel La Salle against the claims of the defendants. The second cause of action seeks to impose a trust on the Hotel La Salle in favor of appellants, based on allegations that the individuals named as defendants secured title by false representations and fraud. The alleged fraud relates mainly to the transaction involving Mrs. Lloyd by which appellants reduced the purchase price $7,359, it being claimed that the promise that this sum was to be paid to Mrs. Lloyd was false. There is no allegation that respondent California Pacific participated in such claimed fraud.

Because of the disclaimers, the dismissal of one defendant, and the sustaining of the demurrers of other defendants, California Pacific was the sole defendant to appear at the trial. The plaintiffs failed to call Mrs. Lloyd as a witness or to prove to the satisfaction of the court that the statements made by the defendants in reference to her were false. California Pacific produced no evidence, being content to submit the case on the evidence produced by appellants, it being claimed by respondent and found by the trial court that there was a failure of proof. The trial court found in favor of California Pacific, and made findings substantially in accord with the statements of facts above set forth. The judgment declared that California Pacific was the owner of Hotel La Salle, and that neither plaintiffs nor the other defendants had any claim thereto adverse to California Pacific.

Appellants insist that, because Moore and Shaffer appeared and filed disclaimers, it was error not to enter judgment

against them and in favor of appellants. ▮ Of course, if the trial court had determined that appellants owned the property it would have been error not to have quieted appellants' title against the disclaiming defendants. It would also have been error to grant a disclaiming defendant affirmative relief. (*Bradley Co.* v. *Ridgeway,* 14 Cal.App.2d 326 [58 P.2d 194].) ▮ But the fact that certain defendants disclaimed any interest in Hotel La Salle did not establish that appellants were the owners of it. It would have been highly inconsistent and improper for the trial court to have determined that title should be quieted in California Pacific against appellants' claims, and against the claims of the other defendants, and then to have quieted title in appellants as against the disclaiming defendants. The appellants had no title to quiet against anyone. The trial court completely and correctly disposed of the title issue by finding that none of the parties, except respondent, had any interest in the property.

Appellants next purport to challenge the sufficiency of the evidence to support the findings. They contend that a fiduciary relationship existed between the brokers and appellants, and that such relationship was breached, apparently by the brokers making arrangements to resell Hotel Angelus for an amount in excess of what it was being sold for by Tesseyman, and that Tesseyman would never have consented to the lower price had a full disclosure been made. Objection is also made as to the securing of a lower price by claimed misrepresentations as to the Mrs. Lloyd transaction. These arguments are made without any transcript references. No specific evidence in the transcript is referred to, which, it is claimed, shows the charged wrongdoing. Outside of bare argumentation, there is no specific evidence referred to in appellants' brief that even suggests wrongdoing on the part of anyone, far less demonstrates such wrongdoing. There is nothing referred to that contradicts the findings. ▮ In the absence of a showing to the contrary, those findings are presumed to be supported. (See *Tesseyman* v. *Fisher,* 113 Cal.App.2d 404 [248 P.2d 471], where appellant Tesseyman unsuccessfully made this same general contention in an appeal involving the sale of another of his properties.)

Without transcript references appellant urges that the trial court erroneously excluded offered evidence as to the relationships between Moore and Shaffer and Jovick, Jacobson and Helen Offield. It is also contended that error was committed in excluding evidence of the escrow officer of California

Pacific in connection with the claimed resale of the property by the brokers' undisclosed principals.

Aside from the fact that neither of these points has been properly or adequately presented, there is no merit in either of them. The proffered testimony was not germane to any cause of action pleaded against California Pacific. Jovick and Jacobson were not before the court, their demurrers having been sustained without leave to amend. Helen Offield was not even named as a party. California Pacific was not charged with any wrongdoing, it being one of the two escrow depositaries. No cause of action to impose a constructive trust against California Pacific could successfully be established without pleading and proof of some relationship between the tort feasors and the title holder. There is no such pleading, nor are we referred to any such proof. The evidence shows that California Pacific met every condition of the escrow given by the seller's agent, and took delivery of the deed in question pursuant to the escrow instructions. There is a complete failure to prove any connection between the alleged fraud and the title holder. Moreover, the finding that no misrepresentations at all were made by anyone is amply supported.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied February 25, 1955, and appellants' petition for a hearing by the Supreme Court was denied March 22, 1955.