[Civ. No. 47013. Second Dist., Div. Three. Mar. 25, 1976.]

ALVIN WECHSLER, Plaintiff, v.
UNITED STATES OF AMERICA, Defendant and Appellant;
M. M. MILSTEIN et al., Defendants and Respondents.

**COUNSEL**

Edward H. Levi, United States Attorney General, Scott P. Crampton, Assistant Attorney General, Gilbert E. Andrews, Karl Schmeidler and Wynett J. Hewett, William D. Keller, United States Attorney, Charles H. Magnuson and Jeffrey Scott Niesen, Assistant United States Attorneys, for Defendants and Appellants.

Berg Gervis, in pro. per., J. George Gold, Mitchell M. Gold, Samuel P. Norton, Max Fink and Steven V. Rheuban for Defendants and Respondents.

**OPINION**

**POTTER, J.**—Defendant United States of America, Department of the Treasury, Internal Revenue Service, appeals from an order for the

distribution of funds deposited with the clerk of the court in an interpleader action in which Alvin Wechsler was plaintiff. The other defendants were M. M. Milstein, Glen L. Ward, Maurice David Meyers and Miles C. Babcock, respondents herein, and Bert Gervis. The order distributed the interpleaded funds to respondents. It made no reference to appellant's claim, set forth in its answer, that the fund was encumbered by a federal income tax lien in the sum of $3,917.83.

The complaint alleged that plaintiff was in possession of funds representing settlement of a judgment in favor of Bert Gervis in a Los Angeles Superior Court action entitled Babcock v. Omansky, No. C 885 305. Plaintiff was attorney for Gervis in action No. C 885305, and had received competing claims to the fund from his client, from the four respondents herein and from appellant. He asked that upon deposit of the fund he be discharged and that the defendants litigate their respective rights to the fund.

Respondents answered the complaint, asserting various security interests in the cause of action upon which the judgment was based. Respondent Milstein claimed a judgment lien based upon a minute order of June 23, 1966. Respondent Ward claimed a security interest based upon an assignment dated March 27, 1965, to secure payment of money advanced to Gervis by him. Respondent Babcock claimed under an assignment dated September 22, 1970, to secure payment of Gervis' one-half of the expenses of the litigation out of which the judgment in favor of Gervis arose, in which he and Gervis were coplaintiffs. Respondent Meyers claimed, pursuant to an assignment dated December 20, 1971, to secure payment of a judgment against Gervis in a fraud action brought by one Max Klagsbrun.

The tax claim asserted by appellant related to federal income taxes for the taxable years 1968, 1970 and 1971, in respect of which assessments had been made on May 23, 1969, June 4, 1971, and May 29, 1972, respectively, and notice of lien had been filed with the Los Angeles Recorder on August 27, 1971, October 8, 1971, and November 8, 1972, respectively.

On October 11, 1974, plaintiff filed a notice of motion and motions for an order discharging plaintiff from liability upon deposit of the funds in controversy and for fees and costs. On October 21, 1974, appellant filed a disclaimer executed by the Assistant United States Attorney handling the matter for appellant. The text of said disclaimer was as follows: "COMES

Now defendant UNITED STATES OF AMERICA and hereby disclaims, for purposes of this action only, any and all right, title or interest in or to the interpleaded funds in the within proceedings. DATED: October 17, 1974."

The motion of plaintiff for an order discharging plaintiff was granted on October 28, 1974. This order discharged plaintiff upon deposit of the sum of $12,114.18, less $81 costs advanced by plaintiff and his attorney. On November 27, 1974, appellant filed a purported withdrawal of its disclaimer. The text of this document was as follows: "Defendant United States of America having determined that it has an interest in funds interpleaded in this proceeding hereby withdraws the disclaimer filed by it with this Court on October 21, 1974." This document was executed by the same attorney for appellant who had executed the disclaimer.

The record is devoid of any application by appellant to the court for an order relieving it from the effect of the disclaimer or of notice to respondents that any such relief was sought. Likewise, there is no record of any action taken with respect to the withdrawal, other than the clerk's stamp showing its filing on November 27, 1974.

On January 27, 1975, the matter of claims to payment was submitted, and on March 3, 1975, the court issued its order dividing the proceeds between respondents, and making no mention of appellant's claim.

Thereafter, on March 10, 1975, respondent Babcock filed his motion for reconsideration, claiming that the division as between respondents was incorrect. On March 26, 1975, the motion for reconsideration was granted and a new order redistributing the fund as between respondents was entered. This new order wholly ignored the claim of appellant, and this appeal was taken from the new order.

*Contentions*

Appellant contends that its lien for the federal income taxes had priority over the claims of respondents. The judgment lien of respondent Milstein is attacked upon the ground that it was not perfected because the minute order called for "Attorney to prepare order" and no such formal order was submitted. Priority is asserted over the assignments to respondents Babcock, Ward and Meyers upon the ground those assignments did not become security interests until after the notice of tax liens was filed because they were inchoate.

Only respondent Babcock has filed a brief. In it Babcock denies appellant's standing to attack the order by virtue of its disclaimer and asserts that Babcock's assignment was not inchoate but was a "present assignment of an interest in property, i.e., the cause of action against Omansky."

In reply, appellant asserts that the disclaimer is no bar to the assertion of its tax lien, and that in any event, by permitting appellant to "continue its participation in the proceedings," the trial court granted relief from appellant's "pleading filed by mistake."

### Discussion

The posture of appellant, the United States of America, in this litigation was no different than that of any other litigant. ■ "The fact that the United States is the supreme governmental power does not exempt it from compliance with the established procedure of the courts in which it seeks to litigate; it has never claimed that its sovereignty gave it any such exemption. Except in those cases where Congress, in the proper exercise of its power, has authorized a special procedure for the United States in its own courts, the federal government proceeds as other litigants. It has not undertaken to compel, nor could it compel, that the states grant it a procedure in the state courts denied to all others seeking the same remedy." (*United States* v. *Alexander* (W.D. Va. 1942) 47 F.Supp. 900, 907.)[1]

In *Estate of Werfel,* 116 Cal.App.2d 167, 172 [253 P.2d 79], this court said: "The contention of the United States 'that it should not be bound by orders of the probate court entered before it became a party to the proceedings' lacks support in the law. Its 'position' in this regard is no different than other litigants or prospective litigants."

■ It is clear that a private litigant who has filed a disclaimer may not have a judgment rendered in his favor and has no standing to appeal from an adverse judgment. In *Axe* v. *County of Los Angeles,* 98 Cal.App.2d 578 [220 P.2d 781], one of two alleged tenants in common, named as a defendant in an assessment bond foreclosure, filed a

---

[1]The only exception to this appears to be that defenses such as laches and limitations may not be applicable. "The government may bring its action either in its own courts or in state courts; but it is ordinarily subject to the same rules which are applicable to other litigants, with the exception of such defenses as laches and limitations, as discussed infra § 188, and is bound by the decision of the court. [Fns. omitted.]" (91 C.J.S., United States, § 175, pp. 398-399.)

disclaimer. The judgment was thereafter entered ordering sale of the entire parcel. The judgment did not mention the disclaimer or the disclaiming party's interest. The court described the effect of the disclaimer as follows (98 Cal.App.2d at p. 581): ■ "A disclaimer is 'a denial of the insistence upon any claim or right in the thing demanded, and a renunciation of all claim thereto; a denial of right or title, although not necessarily a denial of prior possession; an admission upon the record of plaintiff's right, and a denial of assertion of title on the part of defendant.' (26 C.J.S. 1331; 18 C.J. 1049 and cases cited.)"

■ The disclaiming party was, therefore: ". . . estopped from asserting any right, title or interest in the property adverse to the interest of defendant and it is immaterial that judgment was not taken against her." (*Id.*)

*Bradley Co.* v. *Ridgeway,* 14 Cal.App.2d 326 [58 P.2d 194], was a declaratory relief suit to declare street improvement bonds invalid as claims against plaintiff's property. Three causes of action involving different parcels and bonds were stated. One defendant (Guy Knupp) demurred successfully to the first and second causes of action, but his demurrer to the third cause of action was overruled. He then filed an answer disclaiming any interest in the bonds or the property described in the third cause of action. A judgment in favor of this defendant was reversed. The court said (14 Cal.App.2d at p. 337): "Under these circumstances, the trial court's action in rendering judgment on the pleadings in favor of this particular respondent was obviously incorrect. As to Knupp the judgment should have quieted title against him since he was a defendant in the action who had disclaimed any interest in the bonds or in the real property described in the amended complaint."

*Tesseyman* v. *Jovick,* 130 Cal.App.2d 384 [278 P.2d 921], was a quiet title action in which three defendants who had no beneficial interest (brokers and a nominee) disclaimed any interest in the property. Other defendants were dismissed by the court, leaving a single defendant. The remaining defendant was found to be the owner of the property and his title thereto was quieted against plaintiffs and all other defendants. On appeal, plaintiffs claimed their title should have been quieted as against the disclaiming defendants. The court said (130 Cal.App.2d at pp. 387-388): "Appellants insist that, because Moore and Shaffer appeared and filed disclaimers, it was error not to enter judgment against them and in favor of appellants. Of course, if the trial court had determined that appellants owned the property it would have been error not to have

quieted appellants' title against the disclaiming defendants. *It would also have been error to grant a disclaiming defendant affirmative relief. (Bradley Co.* v. *Ridgeway,* 14 Cal.App.2d 326 [58 P.2d 194].) But the fact that certain defendants disclaimed any interest in Hotel La Salle did not establish that appellants were the owners of it. It would have been highly inconsistent and improper for the trial court to have determined that title should be quieted in California Pacific against appellants' claims, and against the claims of the other defendants, and then to have quieted title in appellants as against the disclaiming defendants. The appellants had no title to quiet against anyone. The trial court completely and correctly disposed of the title issue by finding that none of the parties, except respondent, had any interest in the property." (Italics added.)

In *Ritzman* v. *Ritzman,* 190 Cal. 505 [213 P. 493], the defendant in a partition suit appealed from a judgment that the plaintiff was the owner of an undivided fifty-five one-hundredths interest in the property and the defendant the owner of an undivided forty-five one-hundredths interest therein. The complaint alleged that plaintiff was the owner of an undivided four-sevenths interest and the defendant the owner of an undivided three-sevenths interest. In his amended answer, defendant alleged that he had no estate or interest in the property. In affirming, the court said (190 Cal. at pp. 506-507): "The defendant, in his amended answer, not only failed to set forth his estate or interest in the property, but affirmatively alleged, in effect, that he had no estate or interest therein. That this was not due to oversight or inadvertence appears from the circumstance that by his original answer he claimed ownership in himself of the whole interest in the land in question, a claim which he expressly repudiated by his amended answer. We are thus confronted with the situation of an appellant who, in the court below, expressly disclaimed any interest in the land, and now complains to this court because he was awarded only a forty-five one-hundredths interest therein. The decree appealed from relates to the property only, and awards no personal judgment or relief of any kind as against the defendant personally. Under these circumstances we are unable to conceive of any process of reasoning by which the defendant can justly claim to have been aggrieved thereby. [¶] We find no authority in this state expressly in point upon this situation, but in *Flannigan* v. *Towle,* 8 Cal.App. 229 [96 Pac. 507], a suit to quiet title, wherein several tax deeds were under attack by plaintiffs, and plaintiffs admitted at the trial that they could show no title to the land described in any of these deeds except one, it was held that they were not aggrieved parties so far as the judgment related to the other tracts."

It is thus apparent that unless appellant was relieved of the effect of its disclaimer,[2] the court correctly refrained from recognizing any interest of appellant in the fund, and further that appellant has no standing to question the order in this appeal.

It is, therefore, necessary to decide whether any steps taken on the part of appellant subsequent to the filing of its disclaimer were effective to relieve it from the effect of such disclaimer. ■ There are no California authorities squarely in point on the procedure appropriate to obtain relief from a disclaimer. There are, however, numerous analogies which make it apparent that the appropriate procedure is the noticing of a motion to be relieved from such proceedings under Code of Civil Procedure section 473, or the invocation of the court's inherent power in equity to relieve a party from the effects of extrinsic fraud or mistake.[3] The granting of such relief, however, requires a showing by affidavit of the existence of grounds therefor, and notice to the opposing party of a motion for such relief.

*Siple* v. *Knapp,* 39 Cal.App. 638 [179 P. 537], affirmed a judgment for defendant in a claim and delivery action. The defendant attached to his answer a purported bill of sale from plaintiff and plaintiff did not, as required by Code of Civil Procedure section 448, then in effect, file an affidavit denying genuineness and due execution of the bill of sale. When plaintiff sought to introduce evidence that the bill of sale was executed without his authority, the trial court allowed plaintiff to make a motion under section 473, which was denied. In affirming, the court said (39 Cal.App. at p. 639): "In order that the motion for relief under section 473 should have been granted, it was necessary that it should be made to appear that there was some inadvertence, neglect, or mistake of an excusable kind."

*Palace Hardware Co.* v. *Smith,* 134 Cal. 381 [66 P. 474], affirmed an order relieving plaintiff, under Code of Civil Procedure section 473, from the effects of a dismissal to which it had mistakenly consented. The court stated the requirement for relief from such consent as follows (134 Cal. at p. 384): "[I]f he consented to the dismissal to his injury, under a mistake

---

[2] Appellant does not question the authority of the assistant United States attorney to make the disclaimer.

[3] Resort to this remedy is required when the motion is made more than six months after the proceeding has occurred. (*Weitz* v. *Yankosky,* 63 Cal.2d 849, 855 [48 Cal.Rptr. 620, 409 P.2d 700].)

of fact, *excusable under the terms of the statute,* he is not barred of relief." (Italics added.)

*Ward* v. *Clay,* 82 Cal. 502 [23 P. 50], involved a stipulation that certain facts alleged in the answer were true. Plaintiff sought relief from the stipulation by notice of motion under Code of Civil Procedure section 473 supported by affidavits showing inadvertence and mistake of fact. The trial court granted relief from the stipulation. On appeal from a judgment in favor of the plaintiff, the court said (82 Cal. at pp. 508-509): "The stipulation in this case related to proceedings in a pending action. Its sole object was to settle and limit the issues of fact to be tried; and *its obligation was not different from nor any stronger than that incurred by an express admission of fact by a pleading.* Indeed, it stands in the place and performs the function of an express replication to the answer in this case; and is, therefore, subject to be amended or set aside by the court to the same extent and under like circumstances as would be a pleading having a like effect. The Code of Civil Procedure, section 473, provides that 'the court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding . . . . by correcting a mistake in the name of a party, or a mistake *in any other respect. . . .*' " (Italics added.)

In *California Trust Co.* v. *Garbett,* 46 Cal.App.2d 108 [115 P.2d 586], an appellant filed a written abandonment of an appeal and thereafter sought relief therefrom under Code of Civil Procedure section 473. No opposition affidavit was filed. The trial court denied the motion. This was affirmed on appeal on the ground that appellant did not show there was merit to the appeal.

In *Moreno* v. *Venturini,* 1 Cal.App.3d 286 [81 Cal.Rptr. 551] (overruled on another ground in *Quinn* v. *State of California,* 15 Cal.3d 162, 176 [124 Cal.Rptr. 1, 539 P.2d 761]), the State Compensation Insurance Fund filed a notice of lien in a personal injury action, without intervening therein. Thereafter, it "filed a Release and Discharge of Lien in which it was stated that the Fund was aware of the settlement agreement, had approved it, and had agreed with appellant as to the amount which the Fund should receive from the settlement with respect to its claimed lien . . . [and which] declared that the lien was discharged . . . ." (1 Cal.App.3d at p. 288.) When the Fund learned that the 40 percent contingent fee of the worker's counsel was to be deducted from the amount payable to it, the Fund filed a motion under Code of Civil Procedure section 473 to be relieved from the discharge. In affirming the superior court order

granting such relief, the court said (1 Cal.App.3d at p. 291): "In the declaration in support of the motion to set aside the order of April 5, 1966, and at the hearing of such motion, it was shown that when respondent Fund executed and filed the release declaring that its lien had been discharged, respondent did not know, and could not reasonably have been expected to know, that the order of April 5, 1966, had been entered deducting the fee of appellant's attorney from the amount due respondent under its lien. Hence, it appears that the order was taken against respondent through its 'mistake, inadvertence, surprise or excusable neglect' (Code Civ. Proc. § 473). Moreover, the order was erroneous. Under these circumstances, the trial court did not abuse its discretion in granting the motion of respondent Fund to set aside the order."

In all the foregoing cases, admissions on the record which would foreclose a party from prevailing in litigation were held properly the subject of motions for relief under Code of Civil Procedure section 473, and the requirement of a showing by affidavit that the mistake, inadvertence or neglect of the moving party was excusable was held applicable. No reasonable distinction can be drawn between the admissions involved in the above cases and the disclaimer in the case at bench. ■ We, therefore, conclude that in order to be relieved of its disclaimer, appellant was required to make a showing of grounds sufficient under Code of Civil Procedure section 473 or sufficient to invoke the court's inherent equity power.

In addition, in each of the above cases the party seeking relief had proceeded by a notice of motion duly served upon the opposing party. The power of the court to grant such relief depends upon such notice being given. In *McDonald* v. *Severy,* 6 Cal.2d 629 [59 P.2d 98], a dismissal based upon a compromise confession of judgment was set aside on motion of the plaintiff without notice to the defendant which had been dismissed. The order was reversed. The court said (6 Cal.2d at p. 631): "If, as the lower court found, the dismissal was obtained by fraud, it could be set aside, but there has been no authority cited to us which authorizes such action without notice to the party dismissed. The general rule is that notice of motion must be given whenever the order sought may affect the rights of an adverse party. [Citations.]"

Appellant failed to comply with either of the above requirements. No showing that its disclaimer was the product of excusable mistake, inadvertence or neglect has been attempted, either in the trial court or in this appeal. The purported withdrawal merely states that appellant had

"determined that it has an interest" in the funds. Moreover, the record is devoid of any notice of a motion relating to such disclaimer. Though respondents were served with copies of the purported withdrawal, such service constituted no more than notice of appellant's erroneous claim that it had the right to withdraw the disclaimer.

In its reply brief, appellant urges that the court in effect granted relief from the disclaimer by permitting appellant to participate in further proceedings in the case. An examination of the entire superior court file[4] discloses no basis for any such claim. Other than the two orders for distribution, neither one of which mentioned appellant, the only record of the proceedings in which it participated after the withdrawal of disclaimer was filed is the minute order reflecting a hearing of January 27, 1975. The minute order reads as follows: "Plaintiff having been discharged upon payment into court, the matter of claims to such payment, transferred from Department One, comes on for hearing. Myers Exhibit One (assignment) and Government Exhibits 1,2,3 (each a lien) are admitted in evidence. A stipulation of facts is made. Matter is submitted."

There is no record indicating what facts were stipulated. It is, therefore, impossible to conclude that the trial court considered the merits of appellant's claim, though it did receive the government exhibits in evidence. The form of the orders, totally ignoring appellant's existence, is more consistent with the assumption that the disclaimer was held effective. Appellant did not request findings and conclusions which would have made the basis of the order more clear. We are unable to conclude that the court relieved appellant of the disclaimer, especially in view of the fact that no showing which would have supported any such order was made and no notice given to respondents that any such relief was sought.

The order is affirmed.

Cobey, Acting P. J., and Allport, J., concurred.

---

[4]The superior court file has been transmitted to this court and made a part of the record on this appeal pursuant to rule 12(a), California Rules of Court.