Filed 5/23/16  Mercy Housing California, XIX v. County of Los Angeles CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MERCY HOUSING CALIFORNIA, XIX, | B258541 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. Nos. BC482081, BC516004) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Appellant. | |

APPEALS from a judgment of the Superior Court of Los Angeles County. Mel Red Recana, Judge.  Dismissed.

Mark J. Saladino, County Counsel, Mary C. Wickham, Interim County Counsel, Albert Ramseyer, Principal Deputy County Counsel for Defendant and Appellant.

Manatt, Phelps & Phillips, Carl L. Grumer, Joanna S. McCallum for Plaintiff and Appellant.

_____

A landowner and its lessee sued the County of Los Angeles for a property tax refund. The County prevailed. After judgment, the landowner—a tax exempt public benefit corporation—filed a tax exemption claim. The trial court, in lieu of granting a new trial, vacated the judgment and reopened the case to consider the newly filed exemption claim, pursuant to Code of Civil Procedure section 662.[1] The order is not appealable. We dismiss the appeal and cross-appeal for lack of jurisdiction.

## FACTS[2]

Dignity Health (Dignity), a California nonprofit public benefit corporation, operates a hospital on South Grand Avenue in Los Angeles. Dignity is exempt from federal and state taxation. Mercy Housing (Mercy) operates a low-income housing project near Dignity's hospital. Mercy is a limited partnership, managed by a California nonprofit public benefit corporation that is exempt from taxation.

Mercy leases land owned by Dignity. Upon the land, Mercy has constructed a parking structure (the Structure). Within the Structure, Mercy allots 62 parking spaces for its housing project tenants; it licenses the remaining 112 parking spaces to Dignity. The 75-year lease and licensing agreements were signed in 2003. No money is exchanged: Mercy pays Dignity $2.26 million for the land lease, and Dignity pays Mercy $2.26 million for the parking spaces. All revenue derived from the use of the 112 parking spaces belongs exclusively to Dignity.

Mercy requested a property tax exemption for the entire Structure. The County granted an exemption for the 62 spaces used by low-income tenants, but denied an

---

[1] "[I]n a cause tried without a jury, the court may, on such terms as may be just, change or add to the statement of decision, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the statement of decision and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before a decision had been filed or judgment rendered." (Code Civ. Proc., § 662.) Unlabeled statutory reference are to the Code of Civil Procedure.

[2] The parties stipulated to these facts.

2

exemption as to the 112 spaces licensed to Dignity. Mercy paid property taxes on the 112 spaces for tax years 2006-2008, in the aggregate amount of $184,008, which was reimbursed by Dignity.

Mercy filed property tax refund claims with the County. The County denied the claims. In 2012, Mercy and Dignity sued the County to recover property taxes. They allege that the entire Structure is exempt from taxation, as it is used for charitable purposes.

The trial court found that Mercy is not a charitable entity; rather, it is a for-profit partnership whose managing general partner is a charitable entity. In this situation, the 112 parking spaces that are the subject of the lawsuit do not meet the requirement of ownership by a charitable entity, a condition for the grant of an exemption. Dignity, which is a charitable entity, uses the 112 parking spaces, but did not file for an exemption. The court gave judgment to the County on June 23, 2014.

Mercy gave notice of its intent to move to vacate the judgment or for a new trial. It argued that Dignity owns the 112 parking spaces in the Structure under the licensing agreement, and was not required to seek a property tax exemption. Even if a claim were required, Dignity "has now gone forward and filed such a claim," overcoming any technical deficiency identified in the statement of decision.

Over the County's opposition, the trial court vacated the statement of decision and judgment. In a signed order filed on August 14, 2014, the court found that Dignity's recent exemption claim is "*new* material evidence." In lieu of granting a new trial, the court set aside the judgment "and reopens the case for further proceedings for plaintiff's introduction of Dignity Health's Welfare Exemption Claim with the same effect as if the case had been reopened after the submission thereof and before a decision had been filed or judgment rendered."

## DISCUSSION

The County purportedly appeals from the trial court's signed order filed on August 14, 2014. Mercy asks that we dismiss the appeal for lack of jurisdiction. The right to appeal is statutory, and this Court has no jurisdiction to consider an appeal taken

3

from a judgment or order that the Legislature has not made appealable.  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  Multiple appeals in a single action are oppressive and costly for the court system and for litigants, and review should await the trial court's final disposition.  (*Id.* at p. 697; *Flanagan v. United States* (1984) 465 U.S. 259, 263-264.)

The trial court, in its signed order, relied solely on section 662, which "authorizes a trial court in ruling on a new trial motion after a nonjury trial to . . . vacate the statement of decision or the judgment, in whole or in part, *in lieu of granting a new trial*.  [Citation.]  It also authorizes the court to 'reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before a decision had been filed or judgment rendered.'"  (*Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 899-900, fn. omitted, italics added.)  Section 662 is "liberally construed to achieve the purpose it was designed to accomplish."  (*Gardner v. Rich Mfg. Co.* (1945) 68 Cal.App.2d 725, 740.)

"[A]n order made pursuant to section 662 directing that a case be reopened has the effect of vacating the findings and the judgment.  Inasmuch as the matter was returned to the posture in which it was prior to entry of judgment, the motion for new trial [is] disposed of."  (*Taormino v. Denny* (1970) 1 Cal.3d 679, 684.)  When the court follows the procedure in section 662, no new trial is thereby granted.  (*Estate of Perkins* (1943) 21 Cal.2d 561, 567-568; *Western Electroplating Co. v. Henness* (1959) 172 Cal.App.2d 278, 281)  The trial court has broad power to change its findings and modify its judgment to subserve the ends of justice while avoiding the necessity, delay, and expense of a new trial or an appeal.  (*Spier v. Lang* (1935) 4 Cal.2d 711, 714; *Solorza v. Park Water Co.* (1948) 86 Cal.App.2d 653, 663.)

When reopening to receive additional evidence, the court has a duty to make new factual findings and conclusions of law.  (*Gardner v. Rich Mfg. Co.*, *supra*, 68 Cal.App.2d at p. 741.)  It is authorized to "enter a new and different judgment."  (*Rutledge v. Rutledge* (1953) 119 Cal.App.2d 114, 118.)  The decision to reopen a case for the introduction of additional evidence lies within the sound discretion of the trial

4

court.  (*Litvinuk v. Litvinuk* (1945) 27 Cal.2d 38, 43; *Axe v. County of Los Angeles* (1950) 98 Cal.App.2d 578, 580.)

Section 662 is, in short, alternate relief to a new trial.  When this alternate relief is granted, "the trial court's order cannot be deemed an order granting a new trial, but instead must be deemed an order *denying* a new trial.  Such orders are not directly appealable."  (*Concerned Citizens Coalition of Stockton v. City of Stockton* (2005) 128 Cal.App.4th 70, 78.)  "[T]he denial of the new trial motion did not leave the underlying judgment in place, ripe for appeal.  Instead, the denial of the new trial was accompanied by the vacating of the judgment, leaving plaintiffs no immediate appellate remedy."  (*Id.* at p. 80.)  The trial court's new or amended judgment is the one from which an appeal may be taken.  (*Id.* at pp. 83-84; *Neff v. Ernst* (1957) 48 Cal.2d 628, 634; *Rutledge v. Rutledge*, *supra*, 119 Cal.App.2d at p. 118.)

At the hearing, the trial court stated that it found section 662 "instructive; and I will abide by it verbatim."  Its order indicates that it was vacating the judgment and reopening the case for one item—"plaintiff's introduction of Dignity Health's Welfare Exemption Claim"—and it did so "in lieu of granting a new trial."

Despite the clarity of the court's order indicating that it was *not* granting a new trial, but was reopening for one piece of evidence, the County argues that the order is appealable because this was actually the grant of a new trial.  The grounds for new trial are listed in section 657.[3]  No grounds for granting a new trial exist here.  The County claims that the trial court granted a new trial due to "newly discovered evidence."  The County is wrong.  No new trial was granted and no evidence was "discovered."

The County observes that Dignity was dismissed from the case in 2012, on the County's demurrer, because Dignity failed to seek an exemption and Mercy paid the

---

[3]    They are:  (1) irregularity in the proceedings of the court that prevented a fair trial; (2) jury misconduct; (3) accident or surprise that ordinary prudence could not have prevented; (4) newly discovered evidence that could not have been produced at trial; (5) excessive or inadequate damages; (6) insufficiency of the evidence to justify the verdict or decision; and (7) an error in law occurring at trial.  (§ 657.)

5

property taxes. The County now argues that Dignity is "a new party," which "change[s] the nature of the proceeding." On a motion made pursuant to section 662, it is unnecessary for the moving party to file an amended complaint adding a party, "unless the party complaining has been misled to his prejudice, or the error otherwise appears to have been injurious." (*Walker v. Etcheverry* (1941) 42 Cal.App.2d 472, 475.) The County was not misled or prejudiced. The complaint alleges that Dignity owns the parking spaces it licenses in the Structure and uses them for hospital purposes, which is precisely the issue presented at trial.[4]

Based on its familiarity with the case, the trial court exercised its discretion and reopened to consider new material evidence relating to undisputed and stipulated facts. The County's opposition to reopening the case and its purported appeal have burdened the courts and wasted the taxpayers' and plaintiff's money. The appeal must be dismissed because it was not taken from an appealable order.

## DISPOSITION

The County's appeal is dismissed for lack of jurisdiction. Mercy's protective cross-appeal is dismissed. Costs are awarded to Mercy as the prevailing party. (Cal. Rules of Court, rule 8.278(a)(2).)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

---

[4]    The County writes, "the pending case properly puts at issue whether Dignity's interest in the parking structure is reasonably necessary for its Hospital purposes."